IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA	)					)v.					)	Case No. 1:21-CR-350-PLF					)ANTIONNE D. BRODNAX			)			Defendant	) | |

**Defendant's Motion to Quash Search Warrant in Case 21-SC-1371**

COMES NOW the Defendant, Antionne D. Brodnax, by and through counsel, Mary E. Maguire and herby moves this Court to Quash the Search Warrant issued in Case 21-SC-1371 because it is overbroad.

**Introduction**

Mr. Brodnax has been named in a criminal information charging him with four misdemeanors associated with conduct alleged to have occurred on January 6, 2021 in Washington D.C. On May 5 and May 7, 2021, Mr. Brodnax received notice from both Facebook and Twitter that they had received a warrant for all of his account information. (Attachment 1). Mr. Brodnax created accounts on both Facebook (Instagram) and Twitter. He moves to quash the warrant as it is overbroad.

**Argument**

Mr. Brodnax has standing to move to quash the search warrant as the creator of the accounts for which the government is seeking information. Mr. Brodnax has constitutional rights that are plainly implicated by the execution of the Court's warrant, which seeks all of his information from Facebook and Twitter. Mr. Brodnax' reasonable expectation of privacy under the Fourth Amendment in these kinds of private communications and other data is clear. See *Riley v. California*, 134 S. Ct. 2473, 2493, 189 L. Ed. 2d 430 (2014) ("[T]he fact that a search in

1

the predigital era could have turned up a photograph or two in a wallet does not justify a search of thousands of photos in a digital gallery.")

As the Supreme Court has repeatedly emphasized, individuals whose constitutional rights are implicated by a government request for private data held by a third party have standing to challenge the request in order to protect their constitutional rights before the disclosure of the requested information. See, e.g., *Gravel v. United States*, 408 U.S. 606, 608–09 (1972).

The warrant is unconstitutional because it permits a generalized search of electronic data that is private, sensitive, and protected by the First and Fourth Amendments. The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  This particularity requirement prohibits general warrants that would allow the government to "rummage" through someone's personal effects. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). The need for such particularity, and for stringent limitations on warrants, is "especially great" when the searches by their nature "involve[] an intrusion on privacy that is broad in scope." *Berger v. New York*, 388 U.S. 41, 56, (1967) (imposing procedural limitations on wiretapping warrants). The government's request is too broad in scope for two reasons. First, because the government's warrant seeks private and sensitive information related to First Amendment–protected speech and political activity, the Fourth Amendment's requirement of particularity requires both the application of "scrupulous exactitude," *Stanford v. Texas*, 379 U.S. 476, 485 (1965), as well as heightened showings of the state interest in the records sought and the nexus between the records sought and the underlying investigation. See, e.g., *Bursey v. United States*, 466 F.2d 1059, 1083 (9th Cir. 1972);

The Fourth Amendment's particularity requirement is more demanding in the context of searches of electronic data, like the one here, which can sweep up large amounts of sensitive

information. The government's warrant fails to meet these standards, and it should therefore be quashed.

                                              Respectfully Submitted,

By:    _____
        Counsel
        Mary E. Maguire
        Va. Bar No. 42505
        Assistant Federal Public Defender
        Office of the federal Public Defender
        701 East Broad Street, Ste. 3600
        Richmond, VA 23219
        (804) 565-0806
        (804) 648-5033 – fax
        Mary_Maguire@fd.org