IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-350-PLF |
| | ) | |
| **ANTIONNE D. BRODNAX** | ) | |
| **Defendant** | ) | |

**Defendant's Motion to Unseal Search Warrant Affidavit**

COMES NOW the Defendant, Antionne D. Brodnax, by and through his counsel, Mary E. Maguire and hereby moves this Court to unseal the search warrant affidavit in support of the warrant obtained in this matter on April 29, 2021 for "information associated with one account stored at premises controlled by Twitter," and for "information associated with one account stored at premises controlled by Facebook" so that Mr. Brodnax can file any necessary objection to the information compelled by the warrant with Facebook and Twitter form being produced.

**Procedural History**

Mr. Brodnax is named in a four count misdemeanor information in relation to events that took place at the U.S. Capitol on January 6, 2021. (ECF 12). On May 7, 2021, Mr. Brodnax received notice from Facebook (Instagram) indicating that they had received a warrant for his Instagram account information. On May 9, 2021 Mr. Brodnax received notice from Twitter that they had been served with a warrant to produce information concerning his social media account. Twitter provided Mr. Brodnax with a copy of the warrant that describes what they are to produce but did not include the affidavit in support that was submitted to this Court. (Attachment 1).

After being notified of the notice emails, counsel contacted the Assistant United States Attorney assigned to this matter to obtain a copy of the affidavit in support of the warrant and was

1

told it was under seal and would not be produced until after the production of the material that is requested by the warrant. Counsel needs to review the affidavit to see if Mr. Brodnax can object to the production of the requested materials.

**Common-law and Constitutional Rights of Access**

Because a search warrant is a document filed with the Court and on which a judge relies in executing a judicial function there is a common-law right of access to such records. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989) (finding pre-indictment common-law right of access to search warrant affidavit). Counsel recognizes that "affidavits submitted in support of search warrants are sometimes sealed to protect the secrecy of an ongoing criminal investigation," that is not the case here as Mr. Broadax has been notified of the warrant and charged. *United States v. Hubbard*, 650 F.2d 293, 315-316 & n. 84 (D.C. Cir. 1980). Last, the First Amendment also requires release of search warrant materials absent compelling justification. *See Matter of Application and Affidavit for a Search Warrant*, 923 F.2d 324, 330-31 (4th Cir. 1991).

Since Mr. Brodnax is the sole defendant named in his case, and the warrant is limited to him and his accounts there is no reason to keep the affidavit in support of the warrant under seal. Mr. Brodnax needs this information to respond to Twitter and Facebook notice in a meaningful way. Since Mr. Brodnax has been arrested and charged and evidence is being sought to prosecute him, his right to review the materials under the common-law right of access, Fourth Amendment, and First Amendment right of access to court proceedings applies. These place the burden "squarely" on the government to provide justification for the continued sealing. *In re Search of 8420 Ocean Gateway Astron, Md.*, 353 F. Supp. 2d 577 (D. Md. 2004). If the

government has concerns about the release of the affidavit in support of the warrant, Mr. Brodnax would not object to it being viewed *in camera* by defense counsel.

                                  Respectfully Submitted,
By:       /s/
                                  Counsel
Mary E. Maguire
Va. Bar No. 42505
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804)565-0860
(804) 648-5033-fax
Mary_Maguire@fd.org