**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **no. 1:21-cr-00350-PLF** |
| | : | |
| **ANTIONNE D. BRODNAX,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTIONS
TO UNSEAL SEARCH WARRANT AFFIDAVIT AND TO QUASH SEARCH
WARRANT**

The United States of America, by and through the Acting United States Attorney for the

District of Columbia, hereby opposes the defendant's motion to unseal search warrant affidavit

(doc. 16) and the defendant's motion to quash search warrant issued in 21-SC-1371 (sic) (doc.

15).   The government submits that the defendant does not have standing to challenge any search

warrant relating to this case until after the warrant is executed and that the affidavit should not be

disclosed until the warrant has been executed.

Background

Antionne De Shaun Brodnax, aka bugziethedon, has been charged by Information with

offenses relating to the January 6, 2021 attack on the Capitol Building.   Specifically, he is

charged with knowingly entering and remaining in a restricted building, in violation of 18 U.S.C.

§ 1752(a)(1); knowingly engaging in disorderly conduct in a restricted building, with the intent

to disrupt, and causing the disruption of, government business, in violation of 18 U.S.C. §

1752(a)(2); willfully and knowingly engaging in disorderly conduct on the Capitol grounds, in

violation of 40 U.S.C. § 5104(e)(2)(D); and willfully and knowing demonstrating in a Capitol

building, in violation of 40 U.S.C. § 5104(e)(2)(G).   He is aware of but has not yet been arraigned on the Information.[1]

On April 29, 2021, the Hon. G. Michael Harvey, U.S. Magistrate Judge, issued a search warrant for the Twitter account @xxxxxxxxxxxx in connection with both the investigation of Brodnax for the above violations and the investigation into the January 6, 2021 attack on the Capitol generally.   The warrant was expressly issued pursuant to rule 41 of the Federal Rules of Criminal Procedure and was electronically served on Twitter, Inc. on April 30, 2021.   The warrant has been docketed as 1:21-SC-1387-GMH.

On May 14, 2021, the defendant moved to quash a search warrant issued for the defendant's Twitter and Facebook accounts.[2]   The motion alleges that the warrant was overbroad.   It includes as an attachment a copy of the warrant issued for the Twitter account @xxxxxxxxxxxx as well as an email the defendant had received from Twitter, dated May 9, 2021.   In that email Twitter advised the defendant that it had received legal process with respect to his Twitter account, @xxxxxxxxxxxx.

The defense apparently served its motion on Twitter, for on May 14, 2021, the FBI received an email stating:

> Dear [FBI] SA Sean Van Schaften:
>
> We've received notice that a Motion to Quash and Motion to Unseal Search Warrant Affidavit have been filed.   We will suspend processing your request regarding @xxxxxxxxxxxx

---

[1] The defendant was presented on a complaint consisting of the same charges based on the same conduct, on March 17, 2021, in U.S. v. Antionne Brodnax, 1:21-mj-192-ZMF.   That case was closed on May 11, 2021, after the government filed the information.

[2] The defendant seems to believe that there is a single search warrant was issued for his Twitter and Facebook accounts.   In fact there was a search warrant issued for each.   The search warrant for his Facebook account is docketed as 1:21-sc-1386-GMH.

pending resolution of the motion to quash.

Twitter Legal

To date, the government has not received any production from Twitter pursuant to the Twitter

search warrant issued in 1:21-SC-1387-GMH.

<u>Argument</u>

1.   <u>The defendant has no right to challenge the search warrant prior to execution.</u>

As the Supreme Court has held, neither the Constitution nor rule 41 of the Federal Rules

of Criminal Procedure requires the government to serve a property owner with a copy of a search

warrant prior to its execution.   <u>U.S. v. Grubbs</u>, 547 U.S. 90, 98-99 (2006).   If there is no

requirement that the property owner be so notified, there cannot be a right for the property owner

to contest execution of the warrant.[3]   As the Court held in <u>Grubbs</u>:

> The Constitution protects property owners not by giving them
> license to engage the police in a debate over the basis for the
> warrant, but by interposing, *ex ante,* the deliberate, impartial
> judgment of a judicial officer between the citizen and the police
> and by providing, *ex post,* a right to suppress evidence improperly
> obtained and a cause of action for damages.

---

[3]Rule 41 discusses the timing for the "execution" of a search warrant.   <u>See</u> Fed. R. Crim.
P. 41(f)(1).   Completing execution of a search warrant simply means conducting a search and
making seizures in accordance with the terms of the warrant.   The execution of a search warrant
directed to an electronic communication service provider, such as the warrant at issue here, is
contemplated and expressly authorized by 18 U.S.C. § 2703(a).   An agent's transmission of a
search warrant to the porvider does not constitute "execution" of the warrant.   Instead, such a
warrant is executed only sometime later, when the provider discloses to the agent the digital
records associated with the account described in the warrant and the agent subsequently
segregates and "seizes" the records and information the warrant authorizes the government to
seize.

Id. at 99 (internal quotation and alteration marks and citation omitted); accord Zurcher v.

Stanford Daily, 436 U.S. 547, 567 (1978) (declining to interpret the Fourth Amendment to

require notice and hearing before execution of a search warrant).

The defendant's reliance on Gravel v. United States, 408 U.S. 606 (1972), in support of

his purported right to bring his motion to quash, is completely misplaced.   Gravel involved a

challenge to subpoenas issued by a grand jury, id. at 608-09, not to a search warrant.   The

Zurcher case explains that there are legitimate law enforcement reasons for an investigator to

rely on a search warrant as opposed to a subpoena, even if by choosing the former the result is

that the property owner cannot prevent disclosure of the information.   See id. at 560-61 & n.8.

In this case the defendant learned of the warrant because he was notified by Twitter, not

because he was notified by the government.   But that does not change the analysis.

In particular, it is of no moment that the search warrant, although issued under rule 41, is for an

account maintained by the provider of an electronic communication service and therefore

governed by the Stored Communications Act, 18 U.S.C. § 2701 – 2712 ("SCA"), specifically 18

U.S.C. § 2703.   For nothing in the SCA authorizes the holder of such an account, like the

defendant here, to challenge a search warrant for the account before the search is completed.

In explaining why an account holder may not challenge a § 2703 warrant prior to

execution, it is helpful to begin with an explanation of how § 2703 functions.  Section 2703

creates a code of criminal procedure that the government must follow to compel an electronic

communications service provider to disclose information.   It offers varying degrees of legal

protection to different classes of information.   Some information can be obtained only with a §

2703 warrant; other information can also be obtained with a 2703(d) order, and some

information can also be obtained with a subpoena.  First, the contents of communications held

by an electronic communications service in electronic storage for less than 181 days may be obtained only pursuant to a search warrant.  See 18 U.S.C. § 2703(a).  Second, contents greater than 180 days old, or contents stored by a remote computing service, may be obtained pursuant to any process (such as a search warrant, § 2703(d) order, or subpoena).  See id. § 2703(a), (b). Third, all non-content information can be obtained pursuant to a search warrant or 2703(d) order, and a limited set of non-content information can also be obtained pursuant to a subpoena. See id. § 2703(c). the use of a § 2703 warrant.   In particular, § 2703(a) and § 2703(b)(1)(B) provide that the government may use a subpoena or 2703(d) order to compel disclosure of contents stored in a remote computing service or contents held in electronic storage by an electronic communication service for more than 180 days "with prior notice from the governmental entity to the subscriber or customer."

In addition, the SCA specifies the narrow circumstances in which the government must give prior notice of SCA process to a customer or subscriber; in other circumstances no notice to the customer or subscriber is required.   The SCA requires the government to provide a customer or subscriber with prior notice of the use of a subpoena or 2703(d) order to compel disclosure of the contents of communications, but the statute does not require the government to give prior notice in any other circumstance.     The statute explicitly states that when the government uses a warrant to obtain communications held by a remote computing service or held in electronic storage by an electronic communication service for more than 180 days, it may do so "without required notice to the subscriber or customer."    18 U.S.C. § 2703(b)(1)(A).   Similarly, § 2703(a) does not mandate prior notice to the account holder when the government uses a warrant to obtain communications less than 181 days old held in electronic storage by an electronic communication service.   Finally, when the government uses a warrant, 2703(d) order, or

subpoena to obtain non-content information, the SCA specifies that the government need not provide prior notice to the account holder.  See id. § 2703(c)(3).

The SCA's limited prior notice requirement is critically important, because where Congress allows an account holder to challenge SCA process before the provider produces information to the government, it mandates that the government give prior notice to the account holder.  This approach makes sense:  in circumstances in which Congress sought to allow an account holder to challenge SCA process prior to disclosure by a service provider, it needed to ensure that the account holder receive prior notice.   Otherwise, the government or service provider could unilaterally prevent the account holder from making the challenge allowed for by the statute.   Conversely, when the SCA does not require such notice to the account holder, it correspondingly provides no authorization for the account holder to make a pre-production challenge.

2.  The defendant is not entitled to pre-production of the search warrant affidavit.

The defendant asserts that the search warrant affidavit should be unsealed now, prior to production by Twitter, in order "to respond to Twitter and Facebook notice in a meaningful way." Defendant's Motion to Quash at 2.   But Twitter cannot decline to produce information in its possession, ordered to be produced by a search warrant, on the ground merely that an account holder objects, whether in a meaningful way or otherwise.[4]   Moreover, the defendant's assertion that the affidavit should be unsealed now, before execution of the warrant, "because he is the sole defendant in this case," woefully understates the seriousness of the investigation into the Capitol riot.   While

_____

[4]The government has filed a motion, under the case directly associated with the search warrant, to compel Twitter's compliance with the warrant.   A redacted copy of that motion, with its attachments, is attached here as an exhibit.

there are no other defendants charged with him in the Information, there are hundreds of others who are charged in connection with the riot.

Finally, neither the limited common-law right of access to judicial records, nor the general First Amendment right of such access, requires disclosure of the affidavit prior to the warrant's execution.   As the court held in Matter of the Application of WP Co., 201 F. Supp. 3d 109 (D.D.C. 2016), the right of access to search warrant materials, under both theories, is a qualified one.   Id. at 117-18.   In WP Co., Chief Judge Howell denied an application for further disclosure of certain search warrant materials, notwithstanding that the search warrants had been issued years before.   Id. at 112-13.   By contrast the warrant in this case was issued last month and has not yet been executed.

Conclusion

Accordingly, for the reasons set forth, and for any additional reason the government might offer in a hearing on the defendant's motions, the motions should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

by:      /s/*Michael C. Liebman*
         Michael C. Liebman
         D.C. Bar No. 479562
         Assistant United States Attorney
         555 4th Street, N.W., room 9106
         Washington, D.C. 20530
         (202) 252-7243
         (202) 353-9415 (fax)
         michael.liebman@usdoj.gov