<span style="color:red">EXHIBIT</span>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THE SEARCH OF INFORMATION : | |
| ASSOCIATED WITH ONE ACCOUNT : | |
| STORED AT PREMISES CONTROLLED : | 1:21-SC-1387-GMH |
| BY TWITTER PURSUANT TO 18 U.S.C. § : | |
| 2703 FOR INVESTIGATION OF : | |
| VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), 2 : | xxxxxxxx |

### GOVERNMENT'S MOTION TO COMPEL COMPLIANCE WITH SEARCH WARRANT

The United States of America, by and through the Acting United States Attorney for the District of Columbia, hereby moves the Court to issue an order requiring Twitter, Inc. (Twitter), a company headquartered in San Francisco, California, to comply with the search warrant issued in this case with respect to the account @xxxxxxxxxxxxxx, which is stored, maintained, controlled and operated by Twitter.

### Background

Antionne De Shaun Brodnax, aka bugziethedon, has been charged by information with offenses relating to the January 6, 2021 attack on the Capitol Building, in case number 1:21-cr-00350-PLF. Specifically, he is charged with knowingly entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1); knowingly engaging in disorderly conduct in a restricted building, with the intent to disrupt, and causing the disruption of, government business, in violation of 18 U.S.C. § 1752(a)(2); willfully and knowingly engaging in disorderly conduct on the Capitol grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and willfully and knowing demonstrating in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). He is aware of but has not yet been arraigned on the information.[1]

---

[1] The defendant was presented on a complaint consisting of the same charges based on the same conduct, on March 17, 2021, in U.S. v. Antionne Brodnax, 1:21-mj-192-ZMF. That case was closed on May 11, 2021, after the government filed the information.

On April 29, 2021, this Court issued a search warrant for the Twitter account @bugziethedon in connection with the investigation of Brodnax for the above violations, as well as the investigation into the January 6, 2021 attack on the Capitol generally. The warrant was expressly issued pursuant to rule 41 of the Federal Rules of Criminal Procedure and was electronically served on Twitter on April 30, 2021.

On May 14, 2021, the government was served with the Defendant's Motion to Quash Search Warrant in Case 21-SC-1371 (sic), filed in U.S. v. Antionne Brodnax, 1:21-cr-00350-PLF. In that motion the defendant sought to quash a search warrant for the defendant's Twitter and Facebook accounts. The motion alleged that the warrant was overbroad and attached a copy of the warrant issued in this case, i.e., in 1:21-sc-1387, as well as an email the defendant had received from Twitter, dated May 9, 2021. That email advised the defendant that it had received legal process with respect to his Twitter account, @xxxxxxxxxxx (motion and attachments collectively attached as exhibit 1).

On May 14, 2021, the FBI agent who served the warrant in this case on Twitter received an email stating:

> Dear [FBI] SA Sean Van Schaften:
>
> We've received notice that a Motion to Quash and Motion to Unseal Search Warrant Affidavit[2] have been filed. We will suspend processing your request regarding @xxxxxxxxxxx pending resolution of the motion to quash.
>
> Twitter Legal

To date, the government has not received any production from Twitter pursuant to the @xxxxxxxxxxxxx search warrant.

---

[2] The government was also served with the separate defense motion to unseal the search warrant affidavit, filed in U.S. v. Antionne Brodnax, 1:21-cr-00350-PLF. The government intends to oppose that motion.

2

Argument

Unless and until an order from this Court is issued requiring Twitter not to comply with this Court's warrant, Twitter should be required to process the warrant for the @xxxxxxxxxxx Twitter account issued in this case. The government intends to file an opposition to the motion in U.S. v. Antionne Brodnax, 1:21-cr-00350-PLF, taking the same position, i.e., that it is this Court, the Court that issued the warrant, and only this Court, that has the authority to quash the warrant.[3] Moreover, Brodnax lacks standing to challenge the warrant in any court prior to its execution.

1. The authority of this Court to issue the search warrant in this case flows from 28 U.S.C. § 636(a)(1) and therefore is not appealable or reviewable by a U.S. District Judge prior to execution.

    Title 28, U.S. Code, section 636, subsection (a) provides in pertinent part:

    > (a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law—
    >
    > (1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts[.]

As the U.S. District Court for the Eastern District of Pennsylvania recently held, 28 U.S.C. § 636(a)(1) "preserve[s] the historic power of commissioners[, one of which] is the power to issue search warrants," and is therefore the source of a magistrate judge's authority to do so. United

---

[3] The defense motion also attached an email from Facebook advising the defendant that his Facebook account was recently the subject of legal process. The defense motion seems to assume, incorrectly, that the search warrant in this case for the Twitter account @xxxxxxxxxx also applies to a Facebook account. In fact, the defendant's Facebook account is the subject of a separate search warrant, issued in case number 1:21-sc-1386-GMH. To date, the government has not received notice from Facebook, Inc. that it has suspended processing of that separate search warrant.

3

States of America v. Information Associated With Email Account (Warrant), 449 F. Supp. 3d 469, 472 (E.D. Pa. 2020).

By contrast, the authorities of a magistrate judge set out in 28 U.S.C. § 636(b)(1), such as to make certain pretrial rulings and to conduct evidentiary hearings, arise only when a district judge "designate[s]" a magistrate judge to perform those duties. For authorities exercised under that provision the statute expressly allows for review by a district judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"), (b)(1)(B), (C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Similarly, a magistrate judge's authority under 28 U.S.C. § 636(b)(2) to serve as a special master, again upon a district judge's designation, is subject (with very limited exceptions) to the Federal Rules of Civil Procedure. Which rules allow a party to challenge the master's findings before a district judge and provide that a district judge "may adopt or affirm, modify, wholly or partly reject or reverse" the rulings of the special master. Fed. R. Civ. P. 53(f).

While subsection (b)(3) provides that a magistrate judge "may be assigned . . . additional duties," without specifying who may make the assignment, the provision's grouping with others that expressly refer to duties designated by a district judge makes clear such an assignment must come from a district judge. See Wellness Internat'l, Ltd. v. Sharif, 575 U.S. 665, 676 n.8 (2015). Notwithstanding the lack of express language within this provision permitting review by a district judge, it is well settled that the exercise of a magistrate judge's duties, pursuant to such an assignment, is subject to such review, should a party seek it. See Peretz v. United States, 501 U.S. 923, 939 (1991).

4

When a magistrate judge issues a search warrant pursuant to his or her authority under 28 U.S.C. 636(a)(1), the judicial officer is exercising the historic power of a commissioner for which there is no right of appeal, express or implied, to a district judge, at least until the warrant is executed. Information Associated With Email Account (Warrant), 449 F. Supp. at 473-75.

2. Broadnax, the defendant in 1:21-cr-00350-PLF, does not have standing to challenge the warrant prior to its execution.

Although this Court has the authority to review the propriety of its own rule 41 search warrant, even before execution, Brodnax does not have standing to seek such a review. As the Supreme Court has held, neither the Constitution nor rule 41 requires the government to serve a property owner with a copy of a search warrant prior to its execution. U.S. v. Grubbs, 547 U.S. 90, 98-99 (2006). If there is no requirement that the property owner be so notified, there cannot be a right for the property owner to contest execution of the warrant. As the Court held in Grubbs:

> The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante,* the deliberate, impartial judgment of a judicial officer between the citizen and the police and by providing, *ex post,* a right to suppress evidence improperly obtained and a cause of action for damages.

Id. at 99 (internal quotation and alteration marks and citation omitted); accord Zurcher v. Stanford Daily, 436 U.S. 547, 567 (1978) (declining to interpret the Fourth Amendment to require notice and hearing before execution of a search warrant).

In this case Brodnax learned of the warrant because he was notified by Twitter, not because he was notified by the government. But that does not change the analysis.

3. <u>Twitter has not challenged the warrant.</u>

Finally, it is most significant that the only individual or entity who could challenge the warrant, Twitter, has not sought to do so, either in this Court or any other. There thus remains in place an order of this Court that "Twitter is required to disclose [certain] information to the government," as the warrant expressly commands. The fact that someone with no standing has filed a motion to quash the warrant, in a court having no authority to do so, is no basis for Twitter to delay its compliance.

Conclusion

Based on the foregoing, this Court should issue an order compelling Twitter to comply with the warrant previously issued in this case. A proposed Order is attached.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

        /s/*Michael C. Liebman*
        Michael C. Liebman
        Assistant United States Attorney
        D.C. Bar No. 479562
        555 4th Street, N.W., Room 9106
        Washington, D.C. 20530
        (202) 252-7243
        (202) 353-9415 (fax)
        michael.liebman@usdoj.gov

EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE THE SEARCH OF INFORMATION | : | |
| ASSOCIATED WITH ONE ACCOUNT | : | |
| STORED AT PREMISES CONTROLLED | : | 1:21-SC-1387-GMH |
| BY TWITTER PURSUANT TO 18 U.S.C. § | : | |
| 2703 FOR INVESTIGATION OF | : | |
| VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), 2 | : | |

O R D E R

Upon motion of the government, and for good cause shown, it is hereby ORDERED that Twitter, Inc., shall immediately resume processing the search warrant issued in this case, with respect to the Twitter account @xxxxxxxxxx, and shall timely produce to the government the information required by the warrant.

SO ORDERED.

_____
G. Michael Harvey, U.S. Magistrate Judge