UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT THE PREMISES CONTROLLED BY FACEBOOK, INC. PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), (2) | No. 21-sc-1386 (GMH) |
| IN RE THE SEARCH OF INFORMATION ASSOCIATED WITH ONE ACCOUNT STORED AT THE PREMISES CONTROLLED BY TWITTER PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. §§ 111(a)(1), (2) | No. 21-sc-1387 (GMH) |

**MEMORANDUM OPINION AND ORDER**

On April 29, 2021, the Court issued a search warrant pursuant to section 2703 of the Stored Communications Act, 18 U.S.C. § 2703, and Rule 41 of the Federal Rules of Criminal Procedure in each of these cases, one directed at Facebook, Inc. (in Case No. 21-sc-1386) and one directed at Twitter (in Case No. 21-sc-1387). The government applied for both search warrants in connection with the criminal investigation of Antionne Brodnax for conduct related to the events at the U.S. Capitol on January 6, 2021. Thereafter, Defendant Brodnax filed a motion to quash the warrants in his criminal case, *United States v. Brodnax*, No. 21-cr-350 (D.D.C. complaint filed Feb. 2, 2021).[1] Consequently, in these cases, the government filed motions to compel Twitter and Facebook to comply with the search warrants directed to them. The Court invited responses from

---

[1] The motion to quash appears to erroneously assume that a single search warrant was issued to the two companies; it also identifies an incorrect case number for the warrants. *See* Motion to Quash, *United States v. Brodnax*, No. 21-cr-350 (D.D.C. May 14, 2021), ECF No. 15.

Mr. Brodnax and from Facebook and Twitter. Having reviewed the government's motions as well as the responses from Mr. Brodnax and Facebook (Twitter did not oppose the government's motion), the Court grants the government's motions to compel compliance with both search warrants.

## I. BACKGROUND

On April 29, 2021, the government sought issuance of the two warrants pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703. *See* Application, *In re Info. Associated with One Acct. Stored at Premises Controlled by Facebook, Inc.*, No. 21-sc-1386 (D.D.C. Apr. 29, 2021) [hereinafter, *In re Facebook Account*], ECF No. 1; Application, *In re Info. Associated with One Acct. Stored at Premises Controlled by Twitter*, No. 21-sc-1387 (D.D.C. Apr. 29, 2021) [hereinafter, *In re Twitter Account*], ECF No. 1. The Court found that the government had established probable cause and issued the warrants the same day. *See* Search and Seizure Warrant, *In re Facebook Account*, No. 21-sc-1386 (D.D.C. Apr. 29, 2021), ECF No. 2; Search and Seizure Warrant, *In re Twitter Account*, No. 21-sc-1287 (D.D.C. Apr. 29, 2021), ECF No. 2. Both of these cases are sealed.[2]

In early May 2021, Mr. Brodnax received notification from Facebook and from Twitter that each company had received a warrant for his account information.[3] Motion to Quash at 1, *Brodnax*, No. 21-cr-350 (D.D.C. May 14, 2021), ECF No. 15. In response, on May 14, 2021, Mr. Brodnax filed a motion to quash the search warrants in his criminal case, arguing that the warrants

---

[2] This Memorandum Opinion and Order, although filed in these two sealed cases, will be made publicly available. It does not reveal any confidential or sealed information and, as noted below, the target of the investigation to which these two warrants were directed, is already aware of the existence of the warrants.

[3] The government did not request a non-disclosure or delayed notice order under 18 U.S.C. § 2705 in connection with either warrant.

2

are overbroad.[4]  *Id.*  Also on that date, the government received a communication from Twitter asserting that, because a motion to quash the warrant directed to Twitter had been filed, Twitter would "suspend processing [the] request" regarding the relevant account.  Motion to Compel at 2, *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 17, 2021), ECF No. 3.  The government filed its motion to compel compliance with the warrant served on Twitter on May 17, 2021.[5]  *Id.* at 1.  The motion argues primarily that Mr. Brodnax lacks standing to challenge the warrant prior to its execution.  *Id.* at 5.  Noting that the government had attached a redacted copy of its motion to compel compliance with the Twitter warrant to its opposition to Mr. Brodnax's motion to quash the warrant filed in his criminal case, the undersigned ordered Mr. Brodnax to submit any opposition to the motion to compel compliance with the Twitter warrant by May 24, 2021, and for the government to file any reply by May 26, 2021.[6]  *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 20, 2021) (order setting briefing schedule for Mr. Brodnax), ECF No. 5.  The government also sought an order allowing it to serve its motion to compel on Twitter.  Motion for Order Permitting Service of Government's Motion to Compel and Scheduling Order on Twitter, Inc., *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 20, 2021), ECF No. 4.  The Court granted that motion and set a briefing schedule for any opposition to the motion to compel from Twitter that mirrored the briefing schedule set for Mr. Brodnax.  *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 21, 2021) (order setting briefing schedule for Twitter), ECF No. 6.  Mr. Brodnax filed his

---

[4] Mr. Brodnax also filed a motion to unseal the affidavit filed in support of the warrant applications in the criminal case before Judge Friedman.  Motion to Access Sealed Search Warrant Affidavit, *Brodnax*, No. 21-cr-350 (D.D.C. May 14, 2021), ECF No. 16.  No request to unseal the affidavit has been filed before this Court in either of the search warrant cases.

[5] The government also opposed the motion to quash and the motion to unseal in *Brodnax*.  *See* Government's Consolidated Opposition to Defendant's Motions to Unseal Search Warrant Affidavit and to Quash Search Warrant, *Brodnax*, No. 21-cr-350 (D.D.C. May 17, 2021), ECF No. 17.

[6] Because, as noted, these two cases are sealed, the Court informed the interested parties that it would file any oppositions on the sealed docket.

opposition on May 24, 2021.  Defendant's Opposition to the Government's Motion to Compel, *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 24, 2021), ECF No. 7.  Twitter did not submit an opposition.

On May 26, 2021, the government received a communication from Facebook stating that it had received a copy of the motion to quash the warrant targeting Mr. Brodnax's Facebook account and that, because "the validity of [the government's] legal process [had] been called into question," the company would "not continue processing [the] request."  Motion to Compel at 2, *In re Facebook Account*, No. 21-sc-1387 (D.D.C. May 27, 2021), ECF No. 3.  On May 27, 2021, the government filed a motion to compel compliance with the Facebook warrant that is materially identical to the motion to compel compliance with the Twitter warrant.  *Id.* at 1–7.  The Court issued an order requiring service of the motion to compel on Defendant Brodnax and Facebook and setting a briefing schedule for oppositions and any reply.  *In re Facebook Account*, No. 21-sc-1386 (D.D.C. May 27, 2021) (order requiring service and setting briefing schedule), ECF No. 4.  Mr. Brodnax filed an opposition that is materially identical to his opposition to the motion to compel compliance with the Twitter warrant.  Defendant's Opposition to the Government's Motion to Compel, *In re Facebook Account*, No. 21-sc-1386 (D.D.C. June 1, 2021), ECF No. 5.  Facebook submitted an opposition to the motion to compel on June 2, 2021, which expressly disavows any challenge to the search warrant's validity.  Facebook's Opposition to the Government's Motion to Compel Compliance with Search Warrant at 2, *In re Facebook Account*, No. 21-sc-1386 (GMH) (D.D.C. June 2, 2021), ECF No. 6 ("To be clear, Facebook is not itself challenging the validity of the government's search warrant here.").

## II.     DISCUSSION

As noted, these warrants were issued pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703 upon a finding of probable cause.  The government argues that long-standing precedent prohibits a defendant from challenging a warrant prior to its execution, pointing to *United States v. Grubbs*, 547 U.S. 90 (2006).  Motion to Compel at 5, *In re Twitter Account*, No. 21-sc-1387 (D.D.C. May 17, 2021), ECF No. 3; Motion to Compel at 5–6, *In re Facebook Account*, No. 21-sc-1386 (D.D.C. May 27, 2021), ECF No. 3.  In that case, the Supreme Court observed that "[t]he Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the 'deliberate, impartial judgment of a judicial officer . . . between the citizen and the police' and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages." *Grubb*, 547 U.S. at 99 (ellipses in original) (citation omitted) (quoting *Wong Sun v. United States*, 371 U.S. 471, 481–82 (1963)).  Thus, courts have found that account owners lack standing to challenge search warrants issued to electronic communications services under the Stored Communications Act prior to their execution; rather, as in *Grubbs*, their remedies are post-execution challenges such as "a motion to suppress during a criminal case or [ ] an after-the-fact civil rights lawsuit." *United States v. Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d 469, 474–75 (E.D. Pa. 2020); *see also, e.g.*, *In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d 771, 776 (E.D. Mich. 2020) (stating, "Contrary to Movants' assertion, they also have no standing to challenge the [ ] warrant under the Fourth Amendment.  In *Grubbs*, the Supreme Court explained that the Constitution protects people by requiring 'ex ante, the "deliberate, impartial judgment of a judicial officer" . . . and by providing, ex post, a right to suppress evidence improperly obtained and a cause of action for damages'" and

5

collecting cases (ellipses in original) (quoting *Grubbs*, 547 U.S. at 99))); *Doe v. Off. of Kan. Sec. Comm'r*, No. 2:17-CV-2510, 2017 WL 5517524, at *6 (D. Kan. Nov. 17, 2017) ("There is no procedure set forth in the statute for a subscriber or customer to move to quash or vacate a search warrant issued under § 2703."); *cf. Warshak v. United States*, 532 F.3d 521, 528 (6th Cir. 2008) (noting, in a case challenging the constitutionality of 18 U.S.C. § 2703(d), that courts generally review challenges to the reasonableness of a search not prior to enforcement, but "in two discrete, *post-enforcement* settings: (1) a motion to suppress in a criminal case or (2) a damages claim" in a civil rights case and finding the challenge not ripe for adjudication because the search at issue had not yet taken place).

Mr. Brodnax does not address any of these facts or precedent; indeed, in his opposition Mr. Brodnax does not address the question of standing, at all. Rather, he argues only that the warrant is overbroad under the Fourth Amendment. He has therefore conceded that he lacks standing, *see, e.g.*, *United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 157–58 (D.D.C. 2013) (treating an argument to which the defendant did not respond as conceded in a criminal case), and for good reason: the precedent cited above is clear that Mr. Brodnax lacks standing to challenge the warrants prior to their execution. Rather, he may raise any issue with respect to the breadth of the search warrants in a post-execution challenge.

As to Facebook's submission, it does not argue that the warrant served on it is deficient in any way and asserts that it "is not [ ] challenging the validity of the government's search warrant [ ]." Facebook's Opposition to the Government's Motion to Compel Compliance with Search Warrant at 2, *In re Facebook Account*, No. 21-sc-1386 (D.D.C. June 2, 2021), ECF No. 6. Rather, Facebook asserts that it will comply with the warrant if the legal challenges to it are denied but is concerned that a decision on the government's motion to compel will moot Mr. Brodnax's motion

6

to quash pending before Judge Friedman.[7]  *Id.* at 1, 3.  That is, Facebook has neither addressed the merits of the government's motion nor provided a substantive reason that this Court, which issued the subject warrant, should deny the government's motion to compel compliance.[8]

Accordingly, it is hereby

**ORDERED** that the government's motions to compel (ECF No. 3 in 21-sc-1386; ECF No. 3 in 21-sc-1387) are **GRANTED**.  It is further

**ORDERED** that the government shall promptly serve a copy of this Memorandum Opinion and Order on Mr. Brodnax, Facebook, Inc., and Twitter, Inc.  It is further

**ORDERED** that Facebook, Inc., and Twitter, Inc., shall comply with the warrants within seven days of the date of this Memorandum Opinion and Order.  It is further

---

[7] Facebook also suggests that this Court has the authority to allow a non-party—here, Mr, Brodnax—to intervene in this case to present his arguments. *Id.* at 2. But, as Facebook knows, this Court has *already* invited a response from Mr. Broadnax, *see In re Facebook Account*, No. 21-sc-1386 (D.D.C. May 27, 2021) (order requiring service and setting briefing schedule), ECF No. 4, and, indeed, it has received one, *see* Defendant's Opposition to the Government's Motion to Compel, *In re Facebook Account*, No. 21-sc-1386 (D.D.C. June 1, 2021), ECF No. 5. Moreover, and tellingly, both of the cases that Facebook cites to support its suggestion about intervention recognize the rule that account holders generally may not challenge a search warrant prior to its execution. *See In re Search of Elec. Commc'ns in the Acct. of chakafattah@gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516, 522, 531 (3d Cir. 2015) (noting that the district court held that the account holder could not raise a Fourth Amendment challenge to the unexecuted warrant because "the proper remedy for an improvident search warrant is a suppression hearing" and ultimately holding that the appellate court lacked jurisdiction to address the account holder's Fourth Amendment challenge because "the warrant [had] yet to be executed"); *In re Search of Information Associated with Facebook Accounts DisruptJ20, Lacymacauley, and Legba.Carrefour that is Stored at Premises Controlled by Facebook, Inc.*, No. 17 CSW 658, 2017 WL 5502809, at *10 (D.C. Super. Ct. Nov. 09, 2017) ("In this case, because Facebook has not produced the information sought by the Warrants, the account holders have not yet been aggrieved by any unlawful search and thus have no Rule 41 authority to challenge it.").

[8] Section 2703(d) provides that "[a] court issuing an order pursuant to [ ] section [2703], on a motion made promptly *by the service provider*, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider."  18 U.S.C. § 2703(d) (emphasis added).  It is not entirely clear whether that section applies to *search warrants* (rather than *orders*) issued pursuant to the section. *See, e.g.*, *Doe*, 2017 WL 5517524, at *6 (assuming without deciding that a search warrant can be considered a "court order" under section 2703(d)); *see also In re 381 Search Warrants Directed to Facebook, Inc.*, 78 N.E.3d 141, 145 (N.Y. 2017) ("The primary question before us in this appeal is whether—assuming, without deciding, the propriety of a motion to quash a[ ] [Stored Communications Act] warrant (as opposed to a subsection (d) court order) in the first instance—an order resolving a motion to quash [such] warrants is appealable.").  In any case, Facebook has not moved to quash the warrant on the basis of undue burden or asserted that the warrant is overbroad or otherwise invalid.

7

**ORDERED** that the government shall promptly inform Judge Friedman, who is presiding over *United States v. Brodnax*, No. 21-cr-350 (PLF), of the contents of this Memorandum Opinion and Order.

**SO ORDERED.**

Date: June 4, 2021

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE