IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  | |
| v.                                                    )                | Case No. 1:21-CR-350-PLF |
| )  | |
| ANTIONNE D. BRODNAX              )  | |
|                            Defendant    ) | |

**Defendant's Response to Pretrial Agency Memorandum (Status Report)(ECF 24)**

COMES NOW the Defendant, Antionne D. Brodnax, by and through counsel, Mary E. Maguire and files his response to the Pretrial Agency Memorandum/Status Report (ECF 24).

Mr. Brodnax is charged by way of criminal information with four misdemeanor offenses in relation to events that occurred at the U.S. Capitol on January 6, 2021. On March 17, 2021, he was released by this Court on his personal appearance with conditions that:

1. He report once a week to PSA by phone;

2. Stay out of D.C. except for Court of PSA business

3. Notify PSA of all travel outside of the Eastern District of Virginia/Richmond. Court to approve all other travel outside of the continental United States;

4. No possession of illegal firearms; and

5. Verify address with PSA immediately of by the next business day.

Mr. Brodnax has been in compliance with the terms of his release, with the exception of one missed call to PSA on June 12, 2021, but he spoke to his officer on June 14, 2021, and explained he had forgotten to call. Mr. Brodnax filed a motion with the Court to allow him to move to Dallas, Georgia, and keep all the existing conditions of pretrial release in full force and effect. On July 1, 2021, Pretrial Services filed a memorandum with the Court acknowledging that

the Northern District of Georgia would accept Mr. Brodnax for supervision but was seeking additional conditions. See (ECF 24).  Mr. Brodnax objects to these additional conditions of release.

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). When personal recognizance or an unsecured appearance bond is insufficient, courts may consider imposing an alternative condition, or combination of conditions, that will assure the defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c); *see also* 18 U.S.C. § 3142(c)(1)(B) (when imposing an alternative condition or combination of conditions, the court must select the "least restrictive" condition(s)).  *United States v. Riggins*, 456 F. Supp. 3d 138, 142 (D.C. Cir. 2020).  The Court has set conditions for Mr. Brodnax and he has proven that he can comply with these conditions.  The only change in Mr. Brodnax' status is where he is going to reside.  This does not change the Court's analysis on the issue of  flight or dangerousness. Thus, the Court should simply amend the conditions of release in relation to residency and keep the conditions now in effect in relation to his release.

Counsel for Mr. Brodnax has contacted the Assistant United States Attorney assigned to this case and he is in agreement that no further conditions of release should be set for Mr. Brodnax at this time as he is compliant with his current conditions of release.

                                  Respectfully Submitted,

                    By:      _____/s/_Mary E. Maguire_____
                                      Counsel

Mary E. Maguire
Va. Bar No. 42505
Assistant Federal Public Defender
Office of the federal Public Defender
701 East Broad Street, Ste. 3600
Richmond, VA 23219
(804) 565-0806
(804) 648-5033 – fax
Mary_Maguire@fd.org