UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 21-0350 (PLF) |
| ANTIONNE DE SHAUN BRODNAX, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

A sentencing hearing in this case is scheduled to take place on April 20, 2022, by Zoom videoconference. The parties have submitted sentencing memoranda and other filings that outline their disputes regarding the following topics: (1) the applicable sentencing guideline for Mr. Brodnax's conviction on Count Two for disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); (2) whether a two-level upward adjustment for obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1 applies to Mr. Brodnax's convictions on Counts One and Two; and (3) whether Mr. Brodnax's convictions on Counts One and Two should be grouped for purposes of the sentencing guidelines because they "involve substantially the same harm," U.S.S.G. § 3D1.2. See Defendant's Sentencing Memorandum [Dkt. No. 36]; Government's Sentencing Memorandum [Dkt. No. 41]; Defendant's Response to Government's Sentencing Memorandum [Dkt. No. 43].

On April 4, 2022, the United States, through counsel, informed the Court via email of the possibility that the government will present testimony and both documentary and audio-video evidence in support of its arguments. The government also noted, however, that the parties may yet agree on stipulations that would obviate the need for an evidentiary hearing.

In light of the parties' ongoing disputes regarding the sentencing guidelines and the government's representation that an evidentiary hearing may be necessary, the Court thinks it would be best to reserve the hearing scheduled for April 20, 2022, for oral argument on the sentencing guidelines issues and for the presentation of evidence. After the Court has decided those issues, the Court will schedule the sentencing for a separate date.

The Court therefore will order the parties to meet and confer and to file a joint status report on or before April 8, 2022, setting forth their responses to the following topics:

- If an evidentiary hearing is required, the government should identify its prospective witnesses and explain how long each witness is expected to testify. In addition, the government should explain how long its audio-video evidence is expected to run.

- If an evidentiary hearing is required, the defense should indicate if it will present evidence and take testimony. If so, the defense should identify its prospective witnesses and explain how long each witness is expected to testify. In addition, the defense should describe the types of evidence it plans to introduce and, to the extent applicable, how long its audio-video evidence is expected to run.

- Regarding legal arguments, the parties should jointly propose the length of time needed for oral argument on the three sentencing guidelines issues identified above. The Court also requests oral argument on the issue of the appropriateness, as a matter of law and policy, of the imposition of concurrent or consecutive sentences for Mr. Brodnax's convictions, and the parties should also propose the length of time needed to address that issue.

- The parties should jointly or separately address whether they would prefer a fully remote evidentiary hearing conducted through Zoom videoconference or a "hybrid" evidentiary hearing in which the Court, counsel, and all testifying witnesses (to the extent possible) would attend an in-person hearing convened at the courthouse while Mr. Brodnax appeared remotely through Zoom videoconference.

- The parties should jointly or separately relate any other suggestions or preferences for the logistics of an evidentiary hearing.

In addition, to assist the Court in preparing for the evidentiary hearing, if the parties are unable to agree to stipulations that would obviate the need for an evidentiary hearing by April 11, 2022, the parties shall deliver to the Court by April 13, 2022, one set of paper copies of the documentary evidence to be presented and physical disks containing the audio-video evidence. In such a case, the parties shall also provide the Court with electronic copies of that evidence via electronic file-share.

In light of the foregoing, it is hereby

ORDERED that the sentencing hearing scheduled for April 20, 2022, to begin at 2:00 p.m. is converted to an evidentiary hearing at which the parties shall present evidence, elicit testimony, and provide oral argument regarding the outstanding sentencing guidelines issues identified above; it is

FURTHER ORDERED that the parties shall meet and confer and shall file a joint status report on or before April 8, 2022, setting forth their responses to the topics listed above; and it is

FURTHER ORDERED that, if the parties are unable to agree to stipulations that would obviate the need for an evidentiary hearing by April 11, 2022, the parties shall deliver to the Court by April 13, 2022, one set of paper copies of the documentary evidence to be presented and physical disks containing the audio-video evidence. The parties shall also provide the Court with electronic copies of that evidence via electronic file-share.

SO ORDERED.

                /s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 5, 2022