UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:21-cr-00350-PLF |
| | : | |
| ANTIONNE BRODNAX, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this second supplement to its sentencing memorandum, providing a new sentencing recommendation in light of the Court's Order (ECF no. 61), issued on August 18, 2022, establishing a guidelines range that was different from the one the government relied on in its original memoranda.

In that Order the Court resolved certain sentencing disputes between the parties, specifically, that:

(1) U.S. Sentencing Guidelines (USSG) § 2B2.3, as opposed to USSG § 2A2.4 as the government had argued, applied to defendant Antionne Brodnax's conviction under Count Two for violating 18 U.S.C. § 1752(a)(2); and

(2) the two-level enhancement for obstruction of justice, under USSG § 3C.1., applies to both Count One and Count Two.

In light of the Court's rulings, the USSG offense level for Count One and for Count Two is the same: 8.[1]  After applying the Guidelines' provisions for convictions on multiple counts, *see* USSG Ch. 3, Part D, Counts One and Two constitute a single "group" of counts for

---

[1] There is no dispute between the parties that the Base Offense Level for Count One is determined by USSG § 2B2.3, and that the Specific Offense Characteristic of an offense that occurred "at any restricted building or grounds," USSG § 2B2.3(b)(1)(A)(vii), applies.

which the adjusted offense level is also 8.  After then applying the adjustment for acceptance of responsibility, *see id.* § 3E1.1(a), the adjusted offense level for the group is 6.

This defendant has nine criminal history points and is therefore in Criminal History Category IV.  As a result, Brodnax faces a guideline range of imprisonment of 6 to 12 months with respect to his convictions for Counts One and Two.  *See id.* Ch. 5, Pt. A (Sentencing Table).

In its prior sentencing memoranda (ECF nos. 41 & 56), in which the government argued that USSG § 2A2.4 applied to Brodnax's conviction under Count Two, the government asked the Court to impose sentences that, collectively, would result in a 21-month overall prison term for Brodnax.  Under the government's position with respect to the guideline applicable to Count Two, the individual and overall sentences were consistent with the Guidelines.  Moreover, the government recommended that the sentences for Counts Three and Four--in which the defendant is only charged with petty offenses, under 40 U.S.C. § 5104(e)(2)(D) and 40 U.S.C. § 5104(e)(2)(G), respectively, as to which the Guidelines do not apply--run fully concurrently.

In light of the Court's ruling regarding the guideline applicable to Count Two, the government submits that a guideline-consistent sentence for Counts One and Two, and fully concurrent sentences for Counts Three and Four, would result in an overall sentence that is too lenient under the factors set out in 18 U.S.C. § 3553(a).

Accordingly, the government recommends that the Court impose a sentence of 12 months in prison and a one-year period of supervised release, for both Count One and Count Two, with the sentences to run concurrently with each other, which is consistent with the Court's interpretation of the Guidelines.  The government would further recommend that the Court impose the statutory maximum sentence of six months in prison for each of the petty offenses, with those sentences running concurrently with each other but consecutive to the sentences

imposed for Counts One and Two.  This results in an overall sentence of imprisonment of 18 months.

    For the reasons stated in the government's initial sentencing memorandum, ECF 41 at 37-41, the government reiterates its request that the Court order Brodnax to pay $500 in restitution to the Architect of the Capitol.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY

by:      /s/*Michael C. Liebman*
           Michael C. Liebman
           D.C. Bar No. 479562
           Assistant United States Attorney
           601 D Street, N.W., room 4-1501
           Washington, D.C. 20530
           202-252-7243
           michael.liebman@usdoj.gov