UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:21-CR-350-PLF |
| ) | |
| ANTIONNE DESHAUN BRODNAX ) | |
| *Defendant* ) | |
| ) | |

**Defendant's Motion for Early Termination of Supervised Release**

COMES NOW, Antionne DeShaun Brodnax, by counsel and files his motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). Mr. Brodnax was sentenced to five months incarceration followed by 12 months of supervised release. (ECF 72). Mr. Brodnax served his sentence and has successfully completed nine (9) months of his twelve (12) months of supervised release. Mr. Brodnax began his term of supervised release on May 16, 2023. He requests this Court grant his motion for early termination of supervised release.

**Facts**

Mr. Brodnax was released from federal prison on May 16, 2023, in Northern Georgia, where he resides. Mr. Brodnax is being supervised by United States Probation Officer Crystal Stankevich in the Northern District of Georgia. Probation Officer Stankevich reports that that Mr. Brodnax has been compliant with the conditions of his supervised release, including payment of his restitution and special assessment. He has completed both the substance abuse and mental health assessments as required by the Court. Mr. Brodnax is employed with Print Pak and works 48-60 hours a week. He works twelve-hour shifts from 7:00 p.m. to 7:00 a.m. The probation office is approximately 45-50 minutes from Mr. Brodnax's home. Mr. Brodnax is currently on the color code program; he has to check in daily and travel to the probation office if his color

comes up. This is an almost two-hour round trip after working a 12-hour shift. Mr. Brodnax maintains a stable home with his fiancé and her children. Probation Officer Stankevich does not oppose his request for early termination of supervised release.

## Argument

This Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When considering a motion for early termination of supervised release, this Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

*United States v. Harris*, 258 F. Supp. 3d 137, 144 (D.D.C. 2017) (citing 18 U.S.C. § 3583(e)). Mr. Brodnax was convicted of two misdemeanors and two petty offenses. He received a twelve (12) month term of supervised release and has completed over fifty (50) percent of his term of supervised release.

The primary purpose of supervised release is to support a defendant's transition into the community after the service of a prison term and provide rehabilitation and supervision after release. *United States v. Johnson*, 529 U.S. 694, 709 (2000). The Judicial Conference endorsed early termination in 2003, if the offender had satisfied the conditions of supervision, had successfully reintegrated into the community, and did not pose a foreseeable risk to public safety generally or to any individual third party. Baber and Johnson, "Early Termination of

Supervision: No Compromise to Community Safety" (Probation Journal, Sept. 24, 2013).[1] The study showed that three years after being released from supervision only 10.2 percent of early termination offenders had been rearrested, while 19.2 percent of full-term offenders were rearrested. The early termination of low-risk offenders allows districts to devote more resources to supervision offenders who are a greater risk to society. The report looked at cases closed in FY 2008, then tracked for three years after supervision terms ended to see whether new crimes were committed. There were 15, 266 cases of offenders with terms of supervised release following imprisonment and probation cases closed in fiscal 2008, of which 3,814 were for early termination and 11,454 were for successful expiration of a term of supervised release.

The nature of circumstances of the offense weigh in favor of early termination. Mr. Brodnax was convicted of two misdemeanors and two petty offenses relating to his conduct on January 6, 2021. He entered the capitol for 35 minutes and did not engage in violent behavior. Mr. Brodnax was arrested on March 11, 2021, and made his initial appearance where he was released on a personal recognizance bond. Mr. Brodnax entered a plea of guilty, and accepted responsibility. In meeting with the probation officer preparing the Presentence Report, Mr. Brodnax expressed clear, definite, and unequivocal acceptance and remorse. (PSR ¶ 41). He was sentenced and served his sentence without incident.

Mr. Brodnax's history and characteristics also support early termination. He is gainfully employed, complied with all the conditions of supervised release, including making restitution and paying his special assessment and fully transitioned back into the community. He lives with his family and works. His early termination would not pose a danger to the community.

---

[1] Available at: https://www.uscourts.gov/news/2013/09/24/early-termination-supervision-cost-effective-and-safe.

Mr. Brodnax has completed nine (9) of his twelve (12) months of supervised release. He has maintained a stable residence and employment. He is working four to five twelve (12) hour shifts a week, from 7:00 p.m. to 7:00 a.m. He is committed to working to support his family and his children. He has complied with all the terms of his supervised release to include paying his full restitution and special assessment. None of the factors listed in 18 U.S.C. §§ 3353 and 3583 necessitate the continuation of supervised release. Early termination of supervised release is in the interest of justice. Mr. Brodnax's supervising probation officer Crystal Stanevich in the Northern District of Georgia does not oppose this motion. Assistant United States Attorney Michael Liebman opposes this motion. Mr. Brodnax requests this Court grant his motion for early termination of supervised release.

Respectfully submitted,

By: _____/s/_____
Counsel

Mary E. Maguire
Va. Bar No. 42505
Federal Public Defender
Western District of Virginia
401 E. Market Street, Ste. 106
Charlottesville. Va 22902
(540) 777-0895
Mary_Maguire@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Michael Liebman, Assistant United States Attorney, 555 Fourth St., N.W., Washington, D.C. 20530.

                              By:     ___/s/_____

                                             Counsel

Mary E. Maguire
Va. Bar No. 42505
Federal Public Defender
Western District of Virginia
401 E. Market Street, Ste. 106
Charlottesville. Va 22902
(540) 777-0895
Mary_Maguire@fd.org